```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


CHARLES E. REEVE,               )
                                )
       Plaintiff,               )
                                )
            v.                  )   CIVIL ACTION 1:04cv1008(JCC)
                                )
SOCIAL SECURITY                 )
ADMINISTRIATION,                )
                                )
       Defendant.               )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant Social Security Administration's Motion to Dismiss.  For the following reasons, the Court will grant Defendant's motion.

### I. Background

Plaintiff Charles E. Reeve brings suit against the Social Security Administration (the "SSA") demanding the "removal of a levy deduction from [his] social security check (benefits), because the levy document did not contain a court order and/or a signed affidavit, and the return of all monies taken by this fraudulent levy."  (Compl. at 1).  He also requests "the presumptive damages from the defendants."  (Id.).

The SSA has moved to dismiss the Complaint for, *inter alia*, lack of subject matter jurisdiction.

## II. Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Where subject matter jurisdiction is challenged, the factual allegations are assumed true. *See Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995). If, however, "the motion challenges the actual existence of the Court's subject matter jurisdiction, . . . the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Id.* (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994)). The burden of proving subject matter jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936).

## III. Analysis

The SSA argues that this Court lacks jurisdiction over Reeve's request for removal of the levy, citing section 7421(a) of the Internal Revenue Code, commonly referred to as the Anti-Injunction Act (the "Act"). The Act states, in pertinent part with certain exceptions not relevant here, that:

> . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax is assessed.

2

26 U.S.C. § 7421(a).  This language "could scarcely be more explicit," and "reflects the Act's principal purpose of protecting 'the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference."  *Int'l Lotto Fund v. Va. State Lottery Dep't*, 20 F.3d 589, 591 (4th Cir. 1994)(quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974)).  The definition of "collection of tax" under section 7421(a) includes withholding.  *Id.* (citing *United States v. American Friends Serv. Comm.*, 419 U.S. 7, 10 (1974)).  By extension, "collection of tax" includes the Internal Revenue Service's levy on Reed's social security benefits.  An injunction against the levy would enjoin the collection of the tax, and is therefore contrary to the express language of the Act.  Accordingly, this Court is without jurisdiction to enjoin a levy deduction from Reeve's social security check.

      With regard to Reeve's claim for "all monies taken by this fraudulent levy" and for "presumptive damages," this Court lacks jurisdiction because Reeve has not pled sufficient facts to show that he has exhausted his administrative remedies, as required by 28 U.S.C. § 7433.  *See Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996)(finding that the exhaustion of administrative remedies is a jurisdictional prerequisite to filing a lawsuit to recover damages due to unauthorized federal tax collection).

## IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss, without prejudice.  An appropriate Order shall issue.

April _____, 2005                     _____/s/ James C. Cacheris\_\_\_\_
Alexandria, Virginia              UNITED STATES DISTRICT COURT JUDGE